FRED WILLIAMS, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1   Where an indictment charges that the defendant did unlawfully make an assault on a female child under the age of ten years, "and her the said J. T. did unlawfully carnally know and abuse," the following charge to the jury is not erroneous: "The proof must show penetration of the female parts to some extent by the male organ. It is not necessary to prove emission of seed. Of course the fact of penetration must be shown by the evidence to the exclusion of and beyond a reasonable doubt;" and it is not erroneous to refuse the following instruction: "While, as the court has charged you, the slightest penetration of the female organs is sufficient to constitute rape, yet it must appear from the evidence on the part of the state that the male organ actually penetrated the genitals of the female, and the burden of proving what part of the female sexual organs constitutes the genitals is upon the state like any other material allegation of the indictment." ·

2.  Requested instructions inapplicable to the evidence are properly refused.

3. Where requested instructions are covered by the charge of the trial judge on his own motion, no error is committed in refusing such instructions.

4. The evidence is sufficient to support the verdict.

This case was decided by Division B.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the Court.

*Walter M. Davis,* for Plaintiff in Error;

*W. H. Ellis,* Attorney General, for the State.

HOCKER, J.: In July, 1906, Fred Williams, the plaintiff in error, was indicted in the circuit court of Duval county, and in the indictment it was charged that he, "on the 29th of June, in the year of our Lord One Thousand Nine Hundred and Six, in the county and state aforesaid, in and upon one Jessie Tompkins, a female child under the age of ten years, to wit: of the age of six years, unlawfully did make an assault, and her, the said Jessie Tompkins, did unlawfully carnally know and abuse contrary," etc. He was tried and convicted at the same term, and sentenced to the state prison for life. He brings the judgment here for review on writ of error.

The court charged the jury, among other things, as follows: "The proof must show penetration of the female parts to some extent by the male organ. It is not necessary to prove emission of seed. Of course, the fact of

penetration must be shown by the evidence to the exclusion of and beyond a reasonable doubt." This charge is objected to because of the language "to some extent," and the refusal of the court to give the following instruction upon the question of penetration is argued in connection with this supposed error: "While, as the court has charged you, the slightest penetration of the female organs is sufficient to constitute rape, yet it must appear from the evidence on the part of the state that the male organ actually penetrated the genitals of the female; and the burden of proving what part of the female sexual organs constitutes the genitals is upon the state like any other material allegations in the indictment."

We are of the opinion that the charge given by the trial judge is in conformity with the law, and that he committed no error in refusing the instruction requested by the plaintiff in error. In construing the English statute, which seems to be similar to our own (Section 2396, Rev. Stats. of 1892), Baron Parke said: "I shall leave to the jury to say whether, at any time, any part of the virile member of the prisoner was within the libia of the pudendum of the prosecutrix; for if ever it was (no matter how little), that will be sufficient to constitute a penetration, and the jury ought to convict the prisoner of the complete offense." Regina v. Lines, 1 Carr. & K. 393 (47 E. C. L.). See, also, Regina v. Hughes, 9 Carr. & P. 752 (38 E. C. L. 320); Brauer v. State, 25 Wis. 413; People v. Courier, 79 Mich. 366, 44 N. W. Rep. 571; Bishop on Statutory Crimes (3rd ed.) Sec. 488. The physician who examined Jessie Tompkins soon after the alleged occurrence, besides showing the bruised condition of the private parts of the little girl, was asked this question: Was there entrance to the lips of the vagina? He an-

swered, "Yes, sir, to the lips, but not the vagina itself."
It seems to us that entrance of the lips of the vagina of
a girl of six years of age, which was the age of Jessie
Tompkins, producing the bruised and contused condition
of her private parts, which, as the physician said, indi-
cated that some violence had been used on them, pro-
ducing a mucous discharge, which was sufficient evidence
to bring the case within the statute.

It is also assigned as error that the trial judge failed
to charge the jury that the crime of assault with intent
to commit rape is included in the charge of rape, as was
decided in Schang v. State, 43 Fla. 561, 31 South. Rep.
346.    The answer to this is that the judge was not re-
quested to give such a charge.    Blount v. State, 30 Fla.
287, 11 South. Rep. 547; Rawlins v. State, 40 Fla. 155,
24 South. Rep. 65.

An instruction was requested and refused on the value
and weight of expert testimony.    Under the circumstances
we do not think the court committed reversible error in
refusing to give this instruction.    Hisler v. State, 30 Fla.
52, 42 South. Rep. 692.

Certain instructions were requested on circumstantial
evidence and refused.    It does not seem to us that this
case depends on circumstantial evidence.    The testimony
of the little girl, who seems to have been remarkably intel-
ligent for her age, was positive that the accused made
the assault on her, and hurt her, and the testimony of
the physician, her mother and others, shows positively
that she was bruised and injured.    These instructions
were inapplicable to the evidence.    Doyle v. State, 39 Fla.
155, 22 South. Rep. 272.

Two other instructions were requested and refused, one containing a caution that the jury should not act upon any inferences or deductions not fully warranted by the evidence, and the other upon reasonable doubt. The charges given by the judge of his own motion, and three instructions given at the instance of the accused, completely cover the law applicable to this case, and in substance embrace all and more than the rejected instructions.

It is contended that the verdict was contrary to and not supported by the evidence. We have examined the evidence carefully and are of opinion it is sufficient to support the verdict.

The judgment is affirmed, the costs to be paid by the County of Duval.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.