PEARL SEAY v. STATE.

190 So. 702
Division B
Opinion Filed July 25, 1939

*H. O. Brown,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

CHAPMAN, J.—The plaintiff in error, Pearl Seay, was informed against, placed upon trial, and convicted by a jury in the Circuit Court of Union County, Florida, for the crime of larceny of a hog, property of one C. D. Newburn, and was by the trial court sentenced to serve for a period of two years at hard labor in the State prison. From this judgment of conviction an appeal has been perfected to this Court and a number of errors assigned for a reversal.

It is contended by counsel for plaintiff in error that the evidence adduced by the State was legally insufficient to sustain a conviction. The evidence shows that Mr. Newburn owned a hog that ranged around the place occupied by Theodore James near Worthington Springs, and that plaintiff in error went to the home of Theodore James and the hog was killed at James' home by plaintiff in error and James; that after the hog was butchered it was divided between James and plaintiff in error, and fresh hog meat was found at the home of James shortly after the hog owned by Newburn disappeared.

Plaintiff in error contends that he did not participate in butchering the hog or in the division of the meat between him and the witness James, but that on the date the hog was alleged to have been stolen and butchered he was not at the James home, but was engaged in painting and loading

cross-ties some distance away, and adduced testimony to corroborate his defense. It is true that there is a conflict or dispute in the testimony offered on the part of the prosecution and the defense, but under our system such conflicts and disputes are questions of fact to be settled by the jury under appropriate instructions on the part of the trial court. The rule controlling an appellate court in considering the sufficiency of the evidence to support a verdict is not what it may think a jury ought to have done, or what such court may think it would have done had it been sitting as a jury in the case, but the rule is whether as reasonable men the jury could have found from the evidence such a verdict. If the jury as reasonable men could have found such a verdict based upon the evidence, then the ruling of the trial court in denying the motion for a new trial should not be disturbed.

If the record discloses evidence from which all the essential elements of a crime may legally have been found and upon the examination by this Court of the evidence it does not appear that the jury in considering the evidence was influenced by considerations other than the evidence, the order of the trial court refusing to grant a new trial on account of the insufficiency of the evidence, or because the verdict is contrary to the evidence, will not be disturbed. This Court has no authority at law to substitute its conclusions on questions of fact for that of the jury and especially is this true when passing upon sharp conflicts and disputes in the evidence. See Pickerson v. State, 94 Fla. 268, 113 So. 707; Bullard v. State, 95 Fla. 997, 117 So. 381.

It is next contended by counsel for plaintiff in error that some of the petit jurors sitting upon the trial of the case were related to the defendant within the degree prohibited

by law from service as jurors. The record shows that T. H. Waters, Jr., and J. E. Parrish were two of the jurors trying the issues between the State of Florida and the defendant and prior to the acceptance of these jurors the court made an examination into the qualifications of each, and each of said jurors on their *voire dire* examination represented or made known to the court that they or either of them were related to the plaintiff in error within the third degree. The trial court, after the examination, held each of them qualified to perform jury service in the case at bar. The State of Florida accepted the proposed jurors, and likewise the defendant and his counsel, and no objections appear in the record as to the relationship between the plaintiff in error and the two jurors prior to their being sworn to try the issues between the State and the defendant.

After the rendition of an adverse verdict, it is too late to be heard on the question of a legal disqualification of a juror, in the absence of proof of fraud, surprise or other conduct on the part of a juror which in law may amount to bad faith. Plaintiff in error is presumed to know his own relatives, and after concealing the fact of this relationship to his counsel or the failure on his part to so advise his counsel when the jury is being selected, he cannot at a subsequent date profit by his own concealment, if any, of the disqualification of a juror. The trial court held these jurors qualified and the showing on the part of the plaintiff in error as to their disqualification on a motion for a new trial is insufficient in law.

We have read the entire testimony as disclosed by the record, the briefs of counsel, and the authorities cited therein have been examined, and the Court being advised as to its judgment, it is therefore upon consideration

ordered that the judgment appealed from should be and is hereby affirmed.

Whitfield, P. J., and Brown, J., concur.

Terrell, C. J., concurs in opinion and judgment.

Justices Buford and Thomas not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.