500 So.2d 184 (1986)
Larry SALTER, Appellant,
v.
STATE of Florida, Appellee.
No. BI-266.
District Court of Appeal of Florida, First District.
September 11, 1986.
Rehearing Denied October 14, 1986.
Henry R. Barksdale, Pensacola, for appellant.
Jim Smith, Atty. Gen., Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant appeals his conviction for a lewd and lascivious assault upon a five year old girl. We find that there was competent, substantial evidence to support his conviction and that the error in permitting the hearsay testimony of the Child Protection Team counselor was harmless.
*185 On the afternoon of March 7, 1985, the child's mother and a friend observed appellant driving a truck from the direction of some woods. The child was on some leaves in the back of the open-bed truck. Both women testified that when the truck stopped in an area to dump the leaves, the girl jumped from the truck and ran to her mother crying. After a few minutes, she told them that appellant had unzipped her pants and touched her privates. Both women testified that the child's pants were partially unzipped and her clothing was wrinkled. The child also testified at appellant's trial, relating that appellant pulled her pants down and touched her in the vaginal area.
After the incident, the child was taken to the doctor and was interviewed by a counselor of the Child Protection Team. The counselor was permitted to testify, over a hearsay objection, that the child told her that a man had touched her on her private parts out in the woods, when she was on some leaves in a truck.
Comments made by the trial court and counsel below indicate that the trial court was probably traveling under the erroneous impression that the newly enacted hearsay exception for the statement of a child victim of a sexual offense[1]automatically apply to this testimony by the counselor.
Authorities indicate that in order to balance the need for reliable out-of-court statements of child abuse victims against the rights of the accused, the Legislature enacted this exception which will apply only if a number of foundation requirements have been shown to exist. Ehrhardt, Florida Evidence, § 803.23(a) (2d Ed. 1984). Specifically, before the trial court may admit the statement of a child who testifies during the trial under this exception, the trial court is required to (1) hold a hearing outside the presence of the jury to determine that the circumstances surrounding the making of the statement demonstrate that the statement is reliable, and (2) make specific findings of fact on the record setting forth the reasons why the trial court determined that the statement was reliable and why the reasons indicating lack of reliability were discounted. Finally, the prosecution is required to give the defendant notice of its intent to offer at trial a statement under this exception, such notice to include the contents of the child's statement, the time the statement was made, the circumstances surrounding *186 the statement which indicates its reliability, and any other particulars "necessary to provide full disclosure of the statement." Id.
In this case, neither the court nor the prosecuting attorney complied with the procedural safeguards written into the statute, and accordingly the counselor's testimony was not admissible under this hearsay exception.
The state argues that the statement was admissible nevertheless under the excited utterance exception to the hearsay rule. See § 90.803(2), Fla. Stat. (1985). However, the child's statement to the counselor was made several hours after the incident and the state failed to demonstrate that it was made when the child was still in an "excited" state of mind and before she had an opportunity to reflect or deliberate. Begley v. State, 483 So.2d 70 (Fla. 4th DCA 1986); Jackson v. State, 419 So.2d 394 (Fla. 4th DCA 1982); and Lyles v. State, 412 So.2d 458 (Fla. 2d DCA 1982). Compare, Fitter v. State, 261 So.2d 512 (Fla. 3d DCA 1972) (mother's testimony that child's statements were made when she was in an "excited" state of mind and that statements were made promptly upon mother's return and only a few minutes after defendant departed rendered mother's testimony of child's statements admissible as res gestae).
However, we have determined after a thorough review of the record that this error in admitting the counselor's testimony was harmless. § 924.33, Fla. Stat. (1985). An error in admitting testimony is harmless when substantially the same evidence was presented to the jury through the testimony of other witnesses. Palmes v. State, 397 So.2d 648, 653 (Fla. 1981); and Begley v. State, 483 So.2d 70. Here, the child testified concerning the lewd and lascivious assault by the appellant, and her mother and friend testified that immediately after the incident, the child reported the assault to them. Accordingly, we conclude that the testimony of the Child Protection Team counselor was merely cumulative and did not give significant additional weight to the child's testimony. Id.
AFFIRMED.
WENTWORTH and BARFIELD, JJ., concur.
NOTES
[1] Section 90.803(23), Florida Statutes (1985), effective July 1, 1985, states as follows:

(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse, sexual abuse, or any other offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies, or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).
(b) In a criminal action, the defendant shall be notified no later than 10 days before trial that a statement which qualifies as a hearsay exception pursuant to this subsection will be offered as evidence at trial. The notice shall include a written statement of the content of the child's statement, the time at which the statement was made, the circumstances surrounding the statement which indicate its reliability, and such other particulars as necessary to provide full disclosure of the statement.
(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.