519 So.2d 1076 (1988)
STATE of Florida, Appellant,
v.
Jimmy Lawrence ALLEN, Appellee.
No. BS-466.
District Court of Appeal of Florida, First District.
January 29, 1988.
Robert A. Butterworth, Atty. Gen. and Elizabeth Masters, Asst. Atty. Gen., Tallahassee, for appellant.
Laura E. Keene, of Beroset & Keene, Pensacola, for appellee.
JOANOS, Judge.
The state appeals the trial court's order granting Allen's motion for a new trial after he was convicted of lewd and lascivious behavior upon a child. Allen cross appeals the order granting the new trial. Allen asserts that in addition to the errors acknowledged by the court in granting a new trial, the court also erred by allowing the victim's mother to testify as to statements made by the victim. We have the authority to review the issue raised on cross appeal. See Fla.R.App.P. 9.110(h); State v. Williams, 444 So.2d 434 (Fla. 3rd DCA 1983), appeal after remand, 478 So.2d 412 (Fla. 3rd DCA 1985).
The issue raised by the state on appeal is whether the trial court committed reversible error by granting appellee a new trial on the ground that it had improperly admitted the video taped testimony of the victim. We affirm the trial court's order granting a new trial.
As a result of a videotaped interview with the victim, appellee was arrested for suspected sexual abuse on August 22, 1986. Allen was charged on January 7, 1987 in count I with violation of section 794.011(2), Florida Statutes, sexual battery on a child under the age of 12; in count II with violation of section 800.04, Florida Statutes, lewd and lascivious assault on a child under the age of 16; and in count III with violation of section 794.011(2), Florida *1077 Statutes, sexual battery on a child under the age of 12.
Allen was acquitted by a jury as to Count I and convicted on Counts II and III. Allen filed a motion for a new trial, and argument was heard on this motion on March 3, 1987.
On March 17, 1987 the trial court granted appellee's motion for new trial on finding that there was an error in the jury instructions as to count III, and that it was error to allow the videotape to be played for the jury.
The state has conceded the jury instruction as to count three, sexual battery, was erroneous. Because of the manner in which sexual battery was charged in this case, the instruction should not have included the phrase, "or had union with." Defense counsel at trial had objected to that portion of the instruction. The information as to count III had alleged that sexual battery had been committed by the accused's insertion of his finger into the victim's vagina in violation of section 794.011(2), Florida Statutes. Therefore, we find that the trial court ruled correctly that appellee is entitled to a new trial on count III.
In a pre-trial hearing on Allen's motion to suppress hearsay statements of the victim, the court heard testimony from Corporal Jester. Jester was the investigator who interviewed the victim. Jester's testimony explained how the videotaped interview was conducted. He described the procedures utilized both before and after the taping. After Jester's testimony, the state immediately asked for specific findings of fact from the court as to the videotape's reliability as required by section 90.803(23).[1] The judge only responded that he would keep the motion to suppress the victim's videotaped statements under advisement until after he saw the child on the stand. The court did not view the videotape at that time.
At trial, after the victim's mother had testified, and was allowed to relate statements made by the victim concerning the alleged sexual activities with the defendant (over defense counsel's objections and motion for mistrial), the trial court, out of the presence of the jury, participated in the qualification of the victim (now seven years old) as a witness. The trial judge had still not viewed the video tape of the victim's prior testimony. Nevertheless, he determined that although he had some reservations, because the child expressed some understanding of the difference between a truth and a lie, he would let her testify. He expressed the view that the jury would have to evaluate the rest of the child's testimony.
The child was put on the stand, and on direct gave consistent answers incriminating the defendant. She seemed alert. However, she would not use the dolls to demonstrate as she had in the taped interview. She also stated that no one else had touched her like the defendant. On cross examination, the child appeared confused. *1078 She shook her head no, then yes, to the same questions. As to one question she responded that yes, (and no) a man name Jack had also touched her. There were other inconsistencies in her testimony.
With the jury out of the courtroom, defense counsel objected to the proposed use of the videotape, on grounds that the state had not established, and the court had not determined, that the time and circumstances of the taped interview made the tape admissible. Defense counsel argued that the tape was done for investigative purposes and was cumulative because the child had already testified. At this point, the judge stated that the circumstances of the interview lent credibility to the out-of-court hearsay statements, and that he would allow the introduction and use of the video. The judge made no other express findings on this issue. The trial court did not at any time make the required specific findings of fact to justify its admission of the video, pursuant to section 90.803(23), Florida Statutes. We find that as in Salter v. State, 500 So.2d 184 (Fla. 1st DCA 1986), the trial court did not comply with the procedural safeguards written into the statute, and therefore the court erred by admitting the video into evidence. 500 So.2d at 186. The court viewed the tape for the first time as it was being shown to the jury. In contrast, the trial court in Glendening v. State, 503 So.2d 335, 339 (Fla. 2d DCA 1987), did make the requisite findings of fact with respect to the testimony of the victim's interviewer. Here the trial court erred by not recording the requisite factual findings pursuant to section 90.803(23)(c) (which the state specifically requested), and which would have been appropriate after the pretrial hearing in which the interviewer was examined as to the reliability of the interviewing procedure.
Allen refers us to Jano v. State, 510 So.2d 615 (Fla. 4th DCA 1987), and cases cited within (including Salter from this court). Allen also argues that the trial court erred by permitting the victim's mother to testify as to certain statements made to her by the victim. The state proffered that evidence and gained admissibility on the theory of "excited utterances." Because the hearsay statements of the victim were made to the mother at least six months after the assault allegedly occurred, and were not made while the victim was under the stress caused by the alleged assault, they do not qualify as an excited utterance. See section 90.803(2), Florida Statutes (1985) and cases cited above.
However, we agree with the state's position that the evidence in question may have been admissible as evidence of prior consistent statements presented in response to appellant's attack on the victim's credibility had it been offered after the credibility of the victim had been attacked. In Barnes v. State, 477 So.2d 6 (Fla. 2d DCA 1985), rev. denied, 484 So.2d 7 (Fla. 1986), appellant's attack upon the credibility of the child was based upon the alleged influence of the mother on the victim, therefore the victim's prior consistent statements to her mother were admissible under the provisions of section 90.801(2)(b), Florida Statutes (1985). Merely because statements are inadmissible for one purpose (here as excited utterances) does not mean they are inadmissible for another purpose. Breedlove v. State, 413 So.2d 1, 6 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149, reh'g denied, 459 U.S. 1060, 103 S.Ct. 482, 74 L.Ed.2d 627 (1982).
The state has not met its burden in establishing that the trial court abused its discretion by granting appellee's motion for new trial.
The order granting appellant a new trial is therefore affirmed.
SMITH, C.J., and WENTWORTH, J., concur.
NOTES
[1] Section 90.803(23) Florida Statutes (1985) provides in pertinent part:

(23) HEARSAY EXCEPTION; STATEMENT OF CHILD VICTIM OF SEXUAL ABUSE OR SEXUAL OFFENSE AGAINST A CHILD. 
(a) Unless the source of information or the method of circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse, sexual abuse, or any other offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
....
(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection. (emphasis supplied).