529 So.2d 804 (1988)
Lamar Leon FURLOW, Appellant,
v.
STATE of Florida, Appellee.
No. 87-927.
District Court of Appeal of Florida, First District.
August 10, 1988.
Alan Rosner of Harris, Guidi & Rosner, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Elizabeth C. Masters, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Furlow was convicted of a violation of Section 800.04(2), Florida Statutes, as charged in count I and two counts of simple assault (lesser included offenses of the offenses charged in counts II and III). We affirm the assault judgments and sentences under counts II and III, but reverse the 800.04(2) conviction.
Section 800.04(2) provides:

*805 800.04 Lewd, lascivious, or indecent assault or act upon or in presence of child; sexual battery.  Any person who:
* * * * * *
(2) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
* * * * * *
without committing the crime of sexual battery is guilty of a felony of the second degree... .
The act defined as sexual battery under Section 794.011(1)(h), Florida Statutes, is therefore an essential element of a violation of Section 800.04(2). The phrase "sexual battery" is defined as follows:
The term "sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
Section 794.011(1)(h).
The crime in count I was alleged to have been committed by use of the defendant's finger as opposed to his sexual organ. Under the above definition, mere "union with" the victim's vagina is insufficient because an object other than the defendant's organ was used. See State v. Allen, 519 So.2d 1076 (Fla. 1st DCA 1988). The state was therefore required to prove that the defendant penetrated the victim's vagina with his finger.
The record in this case obviously fails to establish the key element of penetration. The trial court, therefore, erred in denying the defendant's motion for judgment of acquittal as to count I. The trial court was apparently under the erroneous impression that penetration was not necessary. At the conclusion of the attorneys' arguments on the motion for judgment of acquittal, the trial judge, in announcing his ruling, observed:
Union with is such [sic] it doesn't have to be any penetration, or otherwise there would be no point in having the words, "penetration by or union with the sexual organ of another." So penetration is not necessary.
Appellant is therefore entitled to reversal as to the conviction on the count I offense.[1]
We have considered and hereby reject appellant's attack on the assault judgments under counts II and III and affirm the same. The remaining issues, which pertain to count I, are moot in view of our reversal as to that count.
Judgments and sentences affirmed as to counts II and III; judgment and sentence as to count I vacated and set aside; and cause remanded for the entry of an order discharging the defendant from the offense charged in count I.
ERVIN and JOANOS, JJ., concur.
NOTES
[1] We are at a loss to understand why the defendant was charged with a violation of Section 800.04(2) instead of lewd assault (or fondling) under Section 800.04(1), the latter not requiring penetration, and both offenses being second degree felonies.