569 So.2d 1317 (1990)
Louis D. DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2118.
District Court of Appeal of Florida, First District.
November 8, 1990.
Henry R. Barksdale of Henry R. Barksdale, P.A., Milton, for appellant.
Robert A. Butterworth, Atty. Gen., Cynthia Shaw, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
This is an appeal from a judgment and sentence finding the appellant guilty of four counts of sexual battery on a child under 12 years of age, in violation of section 794.011(2), Florida Statutes, and of one count of lewd and lascivious act in the presence of a child, in violation of section 800.04, Florida Statutes. The appellant raises three issues on appeal, two of which merit discussion: 1) Whether the trial court erred by allowing the use of hearsay statements of child victims under section 90.803(23), Florida Statutes, without considering indicia of unreliability as well as indicia of reliability; and 2) whether there was sufficient evidence to support the element of penetration in regard to two counts of sexual battery by vaginal digital penetration. We affirm.
On appeal, Davis argues that while the trial court enumerated the indicia of reliability of the hearsay statements as provided in section 90.803(23), Florida Statutes, the court did not address the indications of unreliability raised by the defense.
Section 90.803(23)(c), Florida Statutes, requires only that "the court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection." There is no statutory requirement that findings necessarily reflect a balance of indicia of unreliability with indicia of reliability. The appellant cites Ehrhardt, Florida Evidence, section 803.23(a) (2d ed. Supp. 1989), to support his argument. Ehrhardt indicates that the statutory provision regarding findings on the record "envisions that the court will set forth the specific reasons that the court relied upon as well as why the reasons indicating a lack of reliability were discounted." Ehrhardt, *1318 Florida Evidence (2d ed. Supp. 1989) (emphasis added). This portion of Ehrhardt is quoted in Salter v. State, 500 So.2d 184, 185 (Fla. 1st DCA 1986), and Griffin v. State, 526 So.2d 752 (Fla. 1st DCA 1988). It is noteworthy, however, that neither of these cases nor Ehrhardt's Evidence elaborates further.[1] Although it may be useful in certain instances to have findings weighed in such a manner, we do not find it to be required by Florida law.
During the court proceedings to determine the reliability of hearsay statements, the court made the following findings on the record:
The court finds the mental and physical age of these child witnesses are very young and tender, and the children are immature and incapable of making an intelligent narration to the jury. But the court is satisfied that because of the nature of the abuse and the duration of the abuse which was revealed or disclosed within a short period after the time allegedly it occurred, and because of the opportunity of the defendant to be in the presence of the children to commit such alleged acts and his relationship to the children, the court finds that there are sufficient indicia of reliability because these  some of these allegations [or] purported acts are confirmed by at least one eyewitness ... [observations] independent of any reports to the mother ... independent disclosures made by [the victims] ... medical corroboration of sexual trauma... . [T]hese matters and allegations are interlocking and reinforce each other. [There were] different families involved and the hearsay statements were made to a number of people, not merely to the two mothers involved... . [T]he court finds that because of these reports which were made independent of each other, but within recent proximity to each other, and because of the various number of people to whom they were made with a pretty much consistent pattern insofar as detail, the court is satisfied they are sufficiently reliable to be admitted.
The findings of the court regarding the reliability of the hearsay testimony appear to meet the statutory requirements of section 90.803(23), Florida Statutes: "In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate... ." In Jesus v. State, 565 So.2d 1361 (Fla. 4th DCA 1990), findings similar in wording and substance to what are provided in this case were found to be sufficient to meet the statutory criteria. We do not find that the statute requires the trial court to necessarily provide findings which address indicia of unreliability as well as indicia of reliability where the findings on the record are case-specific and detailed as in the instant case. See Fricke v. State, 561 So.2d 597 (Fla. 3rd DCA 1990) (case-specific findings of reliability required by Florida Statute to support out-of-court hearsay statements of child-victim of sexual abuse).
The appellant also challenges the sufficiency of evidence to support two of his sexual battery convictions. The information under which the appellant was charged alleged that he committed sexual battery against K.L. and T.C., ages 2 1/2 and 2, respectively, by penetrating the vagina of each child with his finger, in violation of section 794.011(2), Florida Statutes. On appeal, the appellant argued that there was insufficient evidence to show the necessary element of penetration. We find that there was competent substantial evidence to support the two counts of sexual battery by vaginal digital penetration.
*1319 Florida law defines sexual battery to mean:
Oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, a sexual battery does not include an act done for a bona fide medical purpose.
§ 794.011(1)(h), Fla. Stat. (1989).
In Furlow v. State, 529 So.2d 804 (Fla. 1st DCA 1988), the appellant had been convicted of a violation of section 794.011, Florida Statutes. The question on appeal to this court was whether the state had established the key element of penetration in the case of sexual battery upon a child by penetrating the victim's vagina with his finger. In Furlow, this court held that proof of mere "union with" a victim's vagina is insufficient when an object other than the defendant's sex organ was used; therefore, the state was required to prove that the defendant penetrated the victim's vagina with his finger. The well-established rule in Florida, however, is that proof of even the slightest penetration is sufficient. Williams v. State, 53 Fla. 84, 43 So. 431 (1907). While Williams dealt with the crime of rape, this rule has remained unchanged since implementation of Florida's modern sexual battery statute. In Pride v. State, 511 So.2d 1068 (Fla. 1st DCA 1987), section 794.011(1)(h), Florida Statutes, was construed to mean, "any penetration, no matter how slight, constitutes a completed sexual battery." Id. at 1070.
Florida is among the 29 states listed in American Law Reports which have held that evidence of injury to external female parts of the victim may be sufficient circumstantial evidence of penetration. 76 A.L.R.3d 163, 192, Rape  What constitutes "penetration" § 7. In the cases cited by American Law Reports, many types of injuries have been found to be sufficient evidence to support an inference of penetration, including redness or swelling, lacerations, abrasions, or other unusual conditions in or on the female genitalia. In Williams, supra, where sexual abuse of a six-year-old girl was alleged, the Florida Supreme Court found that "the bruised and contused condition of her private parts" was sufficient direct evidence of penetration. Id. 43 So. at 432. We recognize, of course, as in Furlow, supra, that appellant here was charged under the specific statutory provision as to vaginal digital penetration, so that earlier cases relating to evidence of penetration of external genitalia are not directly applicable, and the decisions may be distinguished both factually and legally. Those decisions, however, remain pertinent in their conclusion that a jury may find the necessary element of penetration of certain parts of the female genitalia without direct evidence of such fact, based on inference arising from circumstantial evidence including the nature of external genital injuries. The particular facts in evidence here permit the application of that rule.
In the case at bar, there was medical testimony that T.C. had a vaginal discharge and tear at the opening of her vagina consistent with an injury created by force. K.L. had a small abnormal opening to her vagina which was observed by her mother and by her grandmother, who was a nurse, and identified as new in origin. The genitalia of both girls were in an unusual condition for children of their ages. There were eyewitnesses who testified that the appellant had his hands on the genital area of both children. In addition, there was testimony that K.L. was seen poking a pen between her doll's legs saying, "My Dan do this to me." She referred to the appellant as "my Dan." In Owens v. State, 300 So.2d 70 (Fla. 1st DCA 1974), this court found that although there was no direct testimony regarding penetration of a nine-year-old victim of a sexual battery, the medical testimony regarding the nature of lacerations of her vagina plus other circumstantial evidence constituted sufficient evidence to support the jury's verdict. Our examination of the evidence here in regard to the issue of penetration convinces us that there is sufficient evidence under applicable Florida law to prove penetration.
The test for sufficiency of evidence to support a jury verdict is whether the jury, as reasonable men, could have found *1320 such a verdict from the evidence. Seay v. State, 139 Fla. 433, 190 So. 702 (1939). The Second District Court of Appeal in Bradford v. State, 460 So.2d 926 (Fla. 2nd DCA 1982), said that the reviewing court must not reweigh the conflicting evidence but must limit its consideration to whether there was substantial competent evidence to support the verdict. In the instant case, we believe there was competent substantial evidence to support the jury's determination that the evidence excluded all reasonable hypotheses of innocence. See Heiney v. State, 447 So.2d 210 (Fla. 1984); cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); Stone v. State, 547 So.2d 657 (Fla. 2nd DCA 1989); Warren v. State, 475 So.2d 1027 (Fla. 1st DCA 1985). See also Nickels v. State, 90 Fla. 659, 106 So. 479 (1925).
Accordingly, we affirm the judgment and sentence of the trial court on all counts.
WENTWORTH and MINER, JJ., concur.
NOTES
[1] While Griffin v. State, 526 So.2d 752 (Fla. 1st DCA 1988), and Weatherford v. State, 561 So.2d 629 (Fla. 1st DCA 1990), also contain the language derived from Ehrhardt, there is no indication in either of these opinions, or in Salter, that the trial judge made case-specific factual findings which would sufficiently indicate reliability. Because there are sufficient case-specific findings in the instant case, the holdings in these cases do not address the issue presently before the court.