573 So.2d 1064 (1991)
J.W.C., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2289.
District Court of Appeal of Florida, Fifth District.
February 7, 1991.
James B. Gibson, Public Defender, and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Mersch, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Appellant contends the trial court erred in denying his motion for acquittal because there was insufficient evidence to support his conviction of sexual battery. Although appellant was charged in the alternative with the commission of a sexual battery upon a child less than twelve (12) years of age "by causing his finger to unite/penetrate her vagina," evidence of digital union is clearly insufficient to support a charge of sexual battery. See Wallis v. State, 548 So.2d 808 (Fla. 5th DCA 1989); Furlow v. State, 529 So.2d 804 (Fla. 1st DCA 1988). Where the battery involves the use of a defendant's finger, the state must show penetration, although even the slightest evidence of penetration is sufficient. The recent decision of the First District Court of Appeal, Davis v. State, 569 So.2d 1317 (Fla. 1st DCA 1990) includes a good discussion of certain kinds of evidence found sufficient to support an inference of penetration.
Here, the state relies on the child's statement that appellant "played with my privates" to prove the penetration essential to sexual battery.[1] According to the state, *1065 this phrase indicates penetration in the vernacular of an eight year old child. There was no medical examination of the victim. The only other evidence submitted on this issue was the mother's testimony that she found a pair of the child's panties, bloodstained, a couple of days after the alleged battery occurred. This evidence was never directly connected to the alleged incident, except by the mother's testimony that they must have been worn by the child on the day of the incident because all the child's other clothes were clean. The child was not asked about the panties. We do not believe this evidence reaches even the "slight" standard. The motion for judgment of acquittal should have been granted; the conviction for sexual battery must be reversed.[2]
REVERSED.
COBB, HARRIS and GRIFFIN, JJ., concur.
NOTES
[1] No more specific testimony was sought from the victim. There was corroborating evidence that something occurred. A neighbor testified she heard the child hollering and went into the apartment, found the bedroom door locked, and knocked on the door. When the door opened she turned on the light and saw the victim with her panties to her knees.
[2] A complicating factor here was that the original trial transcript contained so many "inaudible" entries where the key testimony should have appeared that counsel and the trial judge were obliged to get together and attempt to reconstruct the record. Thus, we are working, in part, from the transcript of the meeting where counsel and the judge listened to the audiotape of the trial and attempted to supply the missing words. We have encountered this inaudibility problem in prior appeals taken from this juvenile court. It appears from the record in this case that corrective efforts are being made. We hope this is the case; the defendant's appeal should be based on a clear record of the actual testimony that convicted him.