LEHAN, Judge.
This is an appeal from defendant’s conviction for capital sexual battery of a child less than twelve years of age in violation of section 794.011(2), Florida Statutes (1985), upon retrial after this court’s reversal and remand for a new trial in Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988). The new trial concerned an alleged offense against Erica Gibbs, defendant’s niece. In Jaggers this court had directed that defendant be acquitted for alleged offenses against his daughter, Crystal Jaggers, and his stepdaughter, Melissa Mitchell, and that he receive a new trial for the alleged offense against Erica. Crystal, Melissa, and Erica were children under the age of eleven against whom the offenses had allegedly been committed while they were together in a bathtub. We again reverse and remand for a further retrial.
We agree with defendant’s first contention that the trial court erred in admitting into evidence through hearsay testimony of a police officer and other witnesses the victim’s prior out-of-court statements because there was insufficient compliance with section 90.803(23)(c), Florida Statutes (1985), which requires the trial court to “make specific findings of fact, on the record, as to the basis for its ruling....” In admitting that hearsay the trial court simply adopted findings in that regard which had been made by another trial judge prior to the first trial. We need not decide whether such a procedure at a retrial may properly be used when such prior findings had been sufficient. In this case such prior findings were not sufficient, as indicated in the above cited prior opinion of this court.
In that prior opinion this court referred to out-of-court statements of the victims brought into evidence through hearsay and said
[S]uch statements may only be introduced after the trial judge makes specific findings of fact, on the record, to support his finding of reliability.... The trial judge made no such findings in this case. He merely recited into the record the boiler plate language of the statute in 90.803(23)(a)1.
536 So.2d at 325.
It is true, as the state argues, that that portion of this court’s prior opinion made literal reference to only hearsay as to out-of-court statements of defendant’s daughter and stepdaughter. However, in that opinion this court only concluded that the admission of hearsay concerning out-of-court statements of Erica were not in error in the same way as was hearsay as to such statements of the daughter and stepdaughter, explaining that the statements of Erica, in contrast to those of the daughter and stepdaughter, were not inconsistent with her trial testimony. Id. at 326. In fact, the boiler plate findings which were criticized in the foregoing quotation from this court’s prior opinion also concerned hearsay as to statements of Erica. The out-of-court statements of all three children had been considered by the prior trial judge and ruled upon together.
On retrial, as indicated above, the state sought to use that prior ruling as to the hearsay concerning the out-of-court statements of Erica to comply with section 90.-803(23)(c). That prior ruling was that “[t]he Court has considered the mental and physical age of the children, the nature of the alleged abuse, the relationship of the children to the Defendant, [and] the reliability of the victims.” (Emphasis added.) That this court in its prior opinion anticipated that new findings regarding the reliability of Erica’s statements would be made upon retrial is shown by the portion of that opinion saying, “[t]he out of court statements of the niece ... upon a proper finding of reliability by the trial judge, would be properly admissible.” 536 So.2d at 326 (emphasis added).
In light of our foregoing basis for reversal, we need not address defendant’s second contention that prior to the retrial the state failed to give defendant a new and sufficient notice of its intent to use the foregoing hearsay testimony as required by section 90.803(23)(b). Nonetheless, since we are ordering a further retrial, we express our conclusion that there was no *615 reversible error in this regard. We cannot say that it was not to be anticipated that upon retrial the foregoing hearsay testimony would again be offered.
Defendant did not preserve for appeal by objection at the retrial his third contention that the trial court erred in admitting Williams Rule [1] testimony of the daughter and stepdaughter concerning events in the bathtub involving defendant and the three children. Although he objected thereto at pretrial, he failed to renew the objection during the retrial. Correll v. State, 523 So.2d 562, 566 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988). Cf. Duperier v. State, 568 So.2d 976 (Fla. 4th DCA 1990) (appellate review waived when defendant moved to suppress physical evidence before trial but failed to object at trial to the introduction of that evidence). Nonetheless, since we are ordering a further retrial, we express our conclusion that there was error in this regard for the following reason.
Concerning the bathtub events, this court in the first appeal specifically stated, “there was a total lack of reliable evidence to support the element of penetration in regard to the two counts of sexual battery involving [the] daughter and stepdaughter.” 536 So.2d at 323 (emphasis in original). On that basis this court held that defendant’s motion for judgment of acquit tal should have been granted with regard to those two counts. Id. at 322. We conclude there was error in permitting upon retrial the daughter and stepdaughter to give testimony regarding penetration of them as to which this court had directed that defendant be acquitted. See State v. Perkins, 349 So.2d 161 (Fla.1977). On remand for further retrial we direct that if the state again seeks to use the daughter and stepdaughter as Williams Rule witnesses, their testimony must be limited to exclude any mention of penetration of them. This type of limitation of testimony upon further retrial is not inconsistent with the positions of both the state and defendant in their appellate briefs.
The third contention also includes asserted error in admitting Williams Rule testimony of a cousin of defendant’s niece concerning another incident involving defendant. While the relevance of that testimony was, as this court’s prior opinion said, “questionable at best,” id. at 326, we also do not now conclude that its admission was reversible error.
At the retrial defendant did not preserve for appeal by objection his fourth contention on appeal that the state failed to comply with the requirements of section 90.404(2)(b)l by providing sufficiently specific notices of the foregoing Williams Rule testimony. Nonetheless, since we are ordering a further retrial, we express our conclusion that there was no error in this regard. In our view the notices sufficiently complied with the notice requirement of section 90.404(2)(b)l. While the notice involving the daughter and stepdaughter directed defense counsel to transcripts from the original trial, such direction was not insufficient since the retrial proceedings of course involved the same circumstances. As to the notice involving the cousin, we conclude that its contents sufficiently identified the testimony to be elicited.
Reversed and remanded for a new trial.
SCHEB, A.C.J., and ALTENBERND, J., concur.

. Williams v. State, 110 So.2d 654 (Fla.1959), codified at section 90.404(2)(a), Florida Statutes (1985).