ORFINGER, J.
Christopher Maries appeals his conviction of sexual battery on a person under twelve years of age. He contends that the trial court erred by denying his motion for a judgment of acquittal, claiming that the State failed to prove beyond a reasonable doubt that penetration had occurred as alleged. We disagree and affirm.
Mr. Maries was charged with one count of sexual battery by digital penetration for an incident involving his then five-year-old stepdaughter. At trial, the victim testified that Mr. Maries “put his finger in my private.” The medical evidence was inconclusive. In taped statements played for the jury, the victim testified that she was asleep when she felt Mr. Marles’s finger in her private, the place “where you go peepee.”
The well-established rule in Florida is that proof of even the slightest penetration is sufficient to sustain a conviction of sexual battery. Williams v. State, 53 Fla. 84, 43 So. 431 (1907). While Williams dealt with the crime of rape, this rule has remained unchanged since implementation of Florida’s sexual battery statute. See Pride v. State, 511 So.2d 1068, 1070 (Fla. 1st DCA 1987) (holding that under the *721 current sexual battery statute, “any penetration, no matter how slight, constitutes a completed sexual battery”).
The test for sufficiency of evidence to support a jury verdict is whether the jury, as reasonable people, could have found such a verdict from the evidence. Seay v. State, 139 Fla. 433, 190 So. 702 (1939). While the evidence of penetration here was far from crystal clear, “[a] trial court should not grant a motion for acquittal in a criminal case if there is any view of the evidence, which is favorable to the State’s case, from which the jury could reasonably believe or infer facts that would prove the State’s charges.” Baker v. State, 760 So.2d 1085, 1088 (Fla. 5th DCA 2000). We conclude that the evidence presented here was sufficient to satisfy the State’s burden of proof. Accordingly, the judgment is affirmed.
AFFIRMED.
SAWAYA and TORPY, JJ., concur.