PER CURIAM.
Kevin Watkins appeals his convictions and sentences for two counts of sexual battery by a person with familial authority when the victim was between 12 and 18 years old, under section 794.011(8)(b), Florida Statutes. We reject appellant’s first two arguments and affirm the conviction and sentence for Count I, but we reverse the conviction and sentence for Count II, because the state failed to prove anal penetration.[1]
*884 The victim testified that she had to pull the back of defendant’s pants down and “lick his butt cheeks, crack and anus.” The prosecutor asked, “When you licked his anus was your tongue actually on his anus, in his anus?”, and she replied, “On it, yes.” She also said that defendant would position himself so that she had to lick his genitals as well as his anus. There was no evidence that the victim put her tongue in defendant’s anus, even slightly. See, e.g., Furlow v. State, 529 So.2d 804 (Fla. 1st DCA 1988) (reversing conviction and sentence because the record failed to establish that the defendant’s finger actually penetrated the victim’s vagina, required under the definition of sexual battery).
Section 794.011(l)(h) provides: “ ‘Sexual battery’ means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object [.]” (Emphasis added.) The supreme court has cautioned that the legislature intended that the terms “union” and “penetration” be applied with precision when determining whether conduct constitutes sexual battery. “Union permits a conviction based on contact with the relevant portion of anatomy, whereas penetration requires some entry into the relevant part, however slight.’” Seagrave v. State, 802 So.2d 281, 287 n. 7 (Fla.2001) (quoting Richards v. State, 738 So.2d 415, 418 (Fla. 2d DCA 1999)). The Second District in Richards “translated” the language of section 794.011(l)(h), finding four offenses encompassed therein. With regard to the language that applies in our case, the court translated it as providing: “It is illegal for a man or woman to place any object inside the anus or vagina of the victim.” Richards, 738 So.2d at 418.
“The statute is not violated by proof of union with an object in the absence of penetration.” Gill v. State, 586 So.2d 471, 472 (Fla. 4th DCA 1991). See Johnson v. State, 632 So.2d 1062 (Fla. 5th DCA 1994) (reversing conviction for digital penetration of the victim’s anus, because the court erroneously instructed the jury that union, or coming into contact, with the victim’s anus was sufficient to prove sexual battery, which was fundamental error); Gill, 586 So.2d 471 (reversing conviction for sexual battery because it was disputed whether there had been digital penetration of the anus of the young victim, and the trial court had erroneously instructed the jury that they could convict if they found union, or coming into contact, which was fundamental error).
It is well-established that evidence of “even the slightest penetration” will sustain a conviction for sexual battery. See, e.g., Marles v. State, 937 So.2d 720 (Fla. 5th DCA 2006) (determining that the five-year-old victim’s testimony that the defendant “ ‘put his finger in my private’ ” was sufficient to prove sexual battery). No one could argue that defendant’s conduct was anything less than reprehensible. Nevertheless, although the victim was given the opportunity to testify that she had to put her tongue in defendant’s anus, she said instead that she had put her tongue on it, which does not constitute even slight penetration. Case law has made it clear that evidence of union (“on”) cannot suffice to prove penetration (“in”). We must leave it to the legislature to address whether to amend the statute to encompass the kind of act described herein.
Affirmed in part, Reversed in part, and Remanded for further proceedings.
PADOVANO and CLARK, JJ., concur. THOMAS, J., dissents with opinion.

. Defendant received concurrent sentences of 15 years in prison followed by 10 years of sexual-offender probation for each count.