THOMAS, J.,
concurring in part and dissenting in part.
I concur in the majority’s opinion affirming Appellant’s conviction on count 1, but *885 dissent from the majority’s opinion reversing Appellant’s conviction under section 794.011(8)(b), Florida Statutes, for sexual battery by a person with familial authority on a victim between 12 and 18 years of age.
The majority’s opinion violates the well established rule of law that requires this court to review evidence in a sufficiency challenge in a light most favorable to the State. Where direct evidence of guilt is admitted, as here, we must draw all reasonable inferences in favor of the State. Jackson v. State, 18 So.3d 1016, 1025 (Fla.2009). A court may not grant a judgment of acquittal “unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.” Lynch v. State, 293 So.2d 44, 45 (Fla.1974); see also Donton v. State, 1 So.3d 1092, 1100 (Fla. 1st DCA 2009) (“[Vjiewed appropriately in a light most favorable to the State,” testimony supports conviction based on penetration where eyewitness described act of anal intercourse and defendant failed to preserve argument that witness could not have seen alleged penetration from vantage point). Here, it is plain the jury could reasonably infer that Victim was reluctant to graphically describe in any more detail the criminal conduct committed against her, and that her tongue did in fact penetrate his anus.
Properly viewed in a light most favorable to the State, this court should affirm the jury’s verdict. It was within the jury’s province, which saw Victim’s demeanor and heard the entire context of the testimony, to conclude that the evidence established Appellant’s guilt. In Lynch, the supreme court stated that a trial court should submit a criminal case to a jury where “there is room for a difference of opinion between reasonable [persons] as to the proof of facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts.” 293 So.2d at 45 (emphasis added); Marles v. State, 937 So.2d 720, 721 (Fla. 5th DCA 2006) (holding that although evidence of penetration was “far from crystal clear,” it was sufficient to satisfy State’s burden of proof).
The majority’s reliance on Gill v. State, 586 So.2d 471 (Fla. 4th DCA 1991), and Johnson v. State, 632 So.2d 1062 (Fla. 5th DCA 1994), is misplaced. In both of these decisions, the jury was incorrectly instructed. Here, the jury was correctly instructed, and it was within its authority to conclude that Appellant committed sexual battery based on Victim’s testimony.
I would affirm both convictions; therefore, I dissent in part.