PER CURIAM.
The defendant, David Stanley, appeals his convictions for second degree murder with a firearm and unlawful possession of a firearm while engaged in a criminal offense. We reverse the defendant’s convictions and remand for a new trial.
During the trial, the state read into evidence a statement made by the defendant to the police in which the defendant explained what had transpired on the night of the shooting. The defendant stated that he was struggling with the victim for a gun and that as he pulled the gun free from the victim the gun went off two or three times. The defendant did not realize that the victim had been shot. The defendant and the victim fell off the roof of the building and the defendant left. The defendant claims that the shooting was in self-defense.
A police detective testified at trial that he repeatedly searched for the defendant, but could not find him. Another police officer testified that he also tried to find the defendant, and that while the officer was at the defendant’s father’s business the defendant called. The officer spoke to the defendant. The defendant stated that he would turn himself in, but he failed to do so.
At the end of the state’s case, the defendant moved for a judgment of acquittal. The trial court, however, denied this mo *1270 tion.[1]
At the charge conference, the state requested an instruction on flight. The defense counsel objected arguing that the state had failed to prove that the defendant fled. The trial court approved the state’s requested instruction; however, for some unknown reason the trial court departed from the approved instruction when it read the instruction to the jury.[2] The jury instruction on flight eventually given by the trial court was as follows:
Ladies and gentlemen of the jury, if you find the defendant fled to escape or evade prosecution then you may consider the same in determining the guilt or innocence of the defendant as this tends to show the probability of the defendant being guilty.
The defendant contends that the actual language of the instruction was improper. The state, however, contends that this point was not preserved for appellate review because the defense counsel only objected to the giving of the jury instruction on flight, but failed to object to the actual language of the jury instruction. Generally, an objection to allegedly erroneous language in a jury instruction is required in order to preserve such error for appellate review. Street v. State, 383 So.2d 900 (Fla.1980); Lentz v. State, 498 So.2d 986 (Fla. 1st DCA 1986), quashed on other grounds, 521 So.2d 106 (Fla.1988). However, the exception to the general rule is that if the error is fundamental an objection is not required to preserve it for appellate review. Castor v. State, 365 So.2d 701, 703 (Fla.1978). For the asserted error to be considered fundamental, the “error must amount to a denial of due process.” Castor, 365 So.2d at 704 n. 7 (citing State v. Smith, 240 So.2d 807 (Fla.1970)). In the instant case, the asserted error was fundamental, and therefore may be reviewed.
Sufficient evidence was presented to warrant a jury instruction on flight. See Feimster v. State, 491 So.2d 321 (Fla. 3d DCA 1986). However, the jury instruction on flight which was eventually given by the trial court is improper. The part of the instruction which states that “as this tends to show the probability of the defendant being guilty” implies that if the jury finds that the defendant fled to evade prosecution then the defendant is guilty of the crime charged. As a result, the defendant’s due process rights were violated because the instruction excuses the state from its burden of proving beyond a reasonable doubt each element of the offense. See Sarduy v. State, 540 So.2d 203 (Fla. 3d DCA 1989).
Lastly, the defendant asserts, and the state properly concedes, that the trial court erred in entering convictions for both second degree murder with a firearm and unlawful possession of a firearm while engaged in a criminal offense. See Carawan v. State, 515 So.2d 161 (Fla.1987).
Accordingly, for the reasons stated we reverse the defendant’s convictions and remand for a new trial.

. The evidence presented at trial was not insufficient to warrant a conviction, therefore, the trial court did not err in denying the defendant’s motion for judgment of acquittal. See Matrascia v. State, 349 So.2d 735 (Fla. 3d DCA 1977), cert. denied, 360 So.2d 1249 (Fla.1978); see abo Fla.R.Crim.P. 3.380(a).

. The requested and approved instruction provided:
When an accused in any manner attempts to escape or evade a threatened prosecution by flight or concealment, that fact may be considered by you in arriving at a determination of the guilt or innocence of the accused. Flight is considered to exist when an accused departs from the vicinity of the crime under circumstances such as to indicate a sense of guilt or to avoid arrest. If you find that the Defendant attempted to escape or evade a threatened prosecution through flight or concealment, or similar indications of a desire to evade prosecution, you may consider this fact along with all the other testimony and evidence in deciding in [sic] guilt or innocence of the Defendant.