586 So.2d 471 (1991)
Edwin GILL, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1861.
District Court of Appeal of Florida, Fourth District.
September 25, 1991.
*472 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sylvia H. Alonso, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
We reverse the appellant's conviction and sentence to life in prison for sexual battery on a child. The defendant sought to establish, in cross-examination of the victim, that there had been no digital penetration of the anus as charged, and rather, that any digital contact was without penetration.
Section 794.011(1)(h), Florida Statutes, provides:
The term "sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object ...
Conviction under this statute requires either penetration by or union with a sexual organ or penetration by an object. The statute is not violated by proof of union with an object in the absence of penetration.
The young victim's testimony indicated that penetration occurred. However, a portion of that testimony was sufficiently ambiguous to raise a question for the jury as to whether in fact there had been penetration. There was no independent evidence of penetration.
The trial court erred by instructing the jury:
Before you can find the Defendant guilty of sexual battery upon a person less than twelve years of age, the State must prove the following two elements beyond a reasonable doubt: (1) [named victim] was less than twelve years of age and (2) Edwin George Gill ... committed an act upon [named victim] in which the anus of [named victim] was penetrated by an object... .
The term union is an alternative to penetration and means coming into contact... .
The error was compounded by the assistant state attorney's closing argument that:
[Defense counsel] also said that penetration has to be proven. One thing the Judge will tell you is when he instructs you on the law is union with is an alternative to penetration and means coming into contact... . In this particular case I think the Judge will tell you that it can be committing an act upon [named victim] in which the anus of [named victim] was penetrated by an object. By an object. In union. The finger.
We reverse, notwithstanding the absence of a specific objection, because the court's direction to the jury, highlighted by the prosecutor's statement indicating that union was an alternative to penetration, is fundamental error. Such error misleads the jury as to a required specific element, which may have been the most significant disputed aspect of the state's case. Cf. Doyle v. State, 483 So.2d 89 (Fla. 4th DCA 1986), appeal after remand, 513 So.2d 188 (Fla. 4th DCA 1987), rev. denied, 520 So.2d 583 (Fla. 1988); Christian v. State, 272 So.2d 852 *473 (Fla. 4th DCA), cert. denied, 275 So.2d 544 (Fla. 1973); Cole v. State, 573 So.2d 175 (Fla. 2d DCA 1991); Stanley v. State, 560 So.2d 1269 (Fla. 3d DCA 1990); Steele v. State, 561 So.2d 638 (Fla. 1st DCA 1990).
REVERSE AND REMAND FOR NEW TRIAL.
ANSTEAD and WARNER, JJ., concur.