615 So.2d 801 (1993)
Francisco PINEIRO, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-3029.
District Court of Appeal of Florida, Third District.
March 16, 1993.
Rehearing Denied April 20, 1993.
*802 Bennett H. Brummer, Public Defender and J. Rafael Rodriguez, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before BARKDULL, COPE and GODERICH, JJ.
PER CURIAM.
The defendant, Francisco Pineiro, appeals from his conviction for fifty-seven counts of sexual battery on a person less than twelve years of age. We affirm.
The defendant was charged by information with fifty-seven counts of sexual battery on a person less than twelve years of age, in violation of Section 794.011(2), Florida Statutes (1989). All of the counts, except Count XXI, allege that the defendant committed sexual battery upon R.M. "by placing his mouth and/or tongue in union with the vagina of R.M. a minor, and/or by penetrating the vagina of R.M., a minor, with his finger." Count XXI alleges that the defendant committed sexual battery upon R.M. "by placing his penis in union with, and/or inside the mouth and/or lips of R.M."
R.M. testified at trial that the defendant started to touch her when she was in the first grade, at age six or seven. R.M. also testified that the defendant would touch and lick her breast, butt and vagina, stick his tongue in her vagina, and stick his finger in her vagina. She also testified that this happened every night from the time she was in the first grade until the defendant moved out of her home when she was in the fourth grade. After he moved out, the longest period of time that lapsed without her seeing the defendant was three weeks and that he still continued to sexually molest her until August, 1989. R.M. also testified that on the first day of third grade, the defendant stuck his penis in her mouth.
During closing argument, the State argued as follows:
We do not have to prove that his tongue or his mouth penetrated her vagina; just that it came in contact with. But when it comes to his finger, there has to be penetration, and you can find either/or for each count.
During the jury charge, the trial court stated that the following instruction is applicable to all of the counts, except for Count XXI:
Number two element is: Francisco Pineiro committed an act upon [R.M.] in which the sexual organ of the victim had union with the mouth of the defendant or
Francisco Pineiro committed an act upon [R.M.] in which the vagina of [R.M.] was penetrated by an object, to wit: the defendant's finger.
Thereafter, the trial court instructed the jury as follows: "`Union' is an alternative to penetration and means coming into contact [hereinafter referred to as the "union" instruction]." There were no defense objections to any of these instructions.
The jury returned its verdict. The clerk read the jury's verdict of guilt as to Count I. Thereafter, the trial court stated: "They are all the same. All of the counts are the same. It is not necessary to read them. Please poll the jury." The clerk polled the jury. All jurors agreed that that was their verdict. The defendant appealed.
The defendant contends that the trial court fundamentally erred in giving the jury the "union" instruction. Under the circumstances of this case, we disagree.
The defendant relies on Gill v. State, 586 So.2d 471 (Fla. 4th DCA 1991), but that case is factually distinguishable. In Gill, the trial court instructed the jury as to the same "union" instruction. Moreover, the prosecutor in its closing statement highlighted the "union" instruction. The Gill court found that in light of the prosecutor's argument which highlighted the "union" instruction, fundamental error occurred since the jurors were misled.
In the instant case, the "union" instruction could not have misled the jury. First, the State in its closing argument clearly explained to the jury that except for Count XXI, the State had to prove that the *803 defendant either put his tongue or his mouth on the victim's vagina or that he penetrated her vagina with his finger. Second, just seconds before giving the "union" instruction, the trial court in its jury instructions also explained that the State had to prove that "the sexual organ of the victim had union with the mouth of the defendant or [the defendant] committed an act upon [R.M.] in which the vagina of [R.M.] was penetrated by an object, to wit: the defendant's finger." Under the circumstances, we find that the "union" instruction could not have misled the jury and therefore, did not rise to the level of fundamental error.
The defendant also contends that reversible error occurred when the clerk failed to read all fifty-seven counts of the verdict to the jury in open court. We find that this point can not be raised for the first time on appeal.
Rule 3.440, Florida Rules of Criminal Procedure, entitled "Rendition of Verdict; Reception and Recording," provides as follows:
When the jurors have agreed upon a verdict they shall be conducted into the courtroom by the officer having them in charge. The court shall ask the foreman if an agreement has been reached on a verdict. If the foreman answers in the affirmative, the judge shall call upon him to deliver the verdict in writing to the clerk. The court may then examine the verdict and correct it as to matters of form with the unanimous consent of the jurors. The clerk shall then read the verdict to the jurors and unless disagreement is expressed by one or more of them or the jury be polled, the verdict shall be entered of record, and the jurors discharged from the cause. No verdict may be rendered unless all of the trial jurors concur in it.
Rule 3.440 does require the clerk to read the verdict to the jurors. However, Rule 3.570, Florida Rules of Criminal Procedure, entitled "Irregularity in Rendition, Reception and Recording of Verdict," provides as follows:
No irregularity in the rendition or reception of a verdict may be raised unless it is raised before the jury is discharged. No irregularity in the recording of a verdict shall affect its validity unless the defendant was in fact prejudiced by such irregularity.
In the instant case, the defense failed to object to the irregularity in which the verdict was rendered prior to the discharge of the jury. In fact, this issue was raised for the first time in the present appeal. The proper procedure is to object to the irregularity prior to the discharge of the jury so that the trial court may remedy the irregularity. See Wolfram v. State, 568 So.2d 992 (Fla. 5th DCA 1990). Accordingly, pursuant to Rule 3.570 the defendant may not raise this issue for the first time at this point.
The remaining points raised by the defendant lack merit.
Affirmed.