650 So.2d 91 (1995)
Joey Lee HIPP, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1107.
District Court of Appeal of Florida, Fourth District.
January 25, 1995.
Rehearing Denied March 8, 1995.
*92 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michelle A. Konig, Asst. Atty. Gen., West Palm Beach, for appellee.
KLEIN, Judge.
Appellant seeks post-conviction relief, arguing that an incorrect jury instruction on the elements of sexual battery warrants a new trial, notwithstanding the fact that he made no objection at trial and did not raise the issue on direct appeal. We affirm, but explain why this case is distinguishable from Gill v. State, 586 So.2d 471 (Fla. 4th DCA 1991), in which we held that the giving of the same instruction was fundamental error.
As a result of a brutal assault on an adult woman, appellant was convicted of sexual battery, kidnapping, aggravated battery, and battery on a police officer. The sexual battery conviction was based on the victim's testimony that while appellant was beating her, he ripped off her clothes and forcibly put his fingers in her vagina.
At trial, the court instructed the jury that the state had to prove that appellant "with his finger or fingers, penetrated or had union with the vagina of [the victim]." This instruction was incorrect because digital union is not a sexual battery (although digital penetration is). Section 794.011(1)(h), Florida Statutes (1985), defines "sexual battery" as follows:
(h) The term "sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object ... (Emphasis added).
Appellant's counsel did not object to the instruction or raise this error on direct appeal, and appellant's convictions were affirmed. Hipp v. State, 509 So.2d 1208 (Fla. 4th DCA 1987).
Citing Gill, appellant argues that the giving of this instruction was fundamental error. There are several reasons why this jury instruction, which we held to be fundamental error in Gill, does not entitle appellant to a new trial.
Unlike Gill, this appeal is from an order denying post-conviction relief sought under Rule 3.850, which prohibits the seeking of "relief based upon grounds which could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."
Notwithstanding the language of Rule 3.850, an error which amounts to a denial of due process can be raised for the first time in a post-conviction proceeding. Willie v. State, 600 So.2d 479 (Fla. 1st DCA 1992) and cases cited therein. The issue in this case is not, therefore, whether this error is fundamental in the sense that it could be raised for the first time on direct appeal, but rather whether it is an error which amounts to a denial of due process.
In Gill, we concluded the giving of the instruction was fundamental error because the testimony on penetration was "ambiguous" and probably the "most significant disputed aspect" of the prosecution's case.
In the present case, the evidence of digital penetration was neither ambiguous or disputed, nor was penetration a significant issue. The victim testified that there was penetration, and the emergency room physician who treated her severe physical injuries testified that the victim told him there had been penetration. Although appellant took the stand, his testimony was to the effect that he had been drinking heavily prior to the assault and that he had no recollection of the incident. He remembered entering the office building where the attack took place, and remembered leaving it, but did not remember *93 what happened in the building while he was there because he was intoxicated.
Because of the lack of disputed evidence on the issue of penetration in the present case, we find Gill distinguishable. See Williams v. State, 400 So.2d 542, 543 n. 4 (Fla. 3d DCA 1981), cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983) (omission of intent element from robbery instruction was not fundamental error in absence of real dispute on that question). This error was not, therefore, fundamental or a denial of due process.
Appellant also argues that he should be granted a new trial based on incompetence of counsel for, among other things, failing to raise the error in the jury instruction on the direct appeal. While we do not know why appellant's counsel did not raise that point on direct appeal, the decision could well have been a calculated one, since it could only have resulted in a reversal of appellant's sexual battery conviction. The jury instruction would not have affected appellant's kidnapping conviction, for which he was sentenced to life imprisonment, or the other two convictions. In any event, given the unrefuted evidence of penetration, we conclude that there is no "reasonable probability," that the result of this trial could have been different with a correct instruction. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
We have examined appellant's other contentions regarding his claims of ineffective assistance of counsel and find them to be without merit.
Affirmed.
HERSEY and GLICKSTEIN, JJ., concur.