704 So.2d 147 (1997)
Leavorn GRAVES, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3856.
District Court of Appeal of Florida, First District.
November 26, 1997.
*148 Nancy A. Daniels, Public Defender, and Carol Ann Turner, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Sonya Roebuck Horbelt, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, Judge.
Leavorn Graves has been convicted of two counts of sexual battery pursuant to section 794.011(2)(a), Florida Statutes (1993). The first count alleges digital penetration by the defendant of the child victim, and the other alleges injury to the child victim's sexual organs. These crimes are capital felonies for which appellant has been sentenced to two concurrent life sentences. We affirm.
The evidence of digital penetration, including the victim's testimony and a demonstration performed by the victim before the jury at the prosecutor's request, is sufficient to support the conviction in this case. See Davis v. State, 569 So.2d 1317 (Fla. 1st DCA 1990). Similarly, the evidence is sufficient to support the second count of sexual battery, which charges injury to the sexual organs of the six-year-old victim during an attempt to commit sexual battery. See § 794.011(2)(a), Fla. Stat. (1993).
Appellant's argument that he was charged with and convicted of a non-existent crime arises from a misunderstanding of the sexual battery statute. Sexual battery by injury to the sexual organs occurs, by the express wording in the statute, when the perpetrator injures the sexual organs of a child victim during "an attempt to commit sexual battery." Id. Thus appellant's argument that he was charged with "attempting to attempt to commit sexual battery" is completely without merit. The argument was undoubtedly engendered by the less than artful wording of the information:
that Leavorn Graves on or about January 3,1995, ... did unlawfully injure the sexual organs of a person less than twelve (12) years of age, ... by attempting to digitally penetrate [A.W.]'s vagina in an attempt to commit sexual battery upon the said [A.W.]....
The prosecution sufficiently charged the capital offense of injury to the sexual organs during an attempt to commit sexual battery, although the information would have perhaps been easier for defense counsel to understand had the prosecution not included the last clause: "in an attempt to commit sexual battery...." This last clause merely restated the substantive allegations of the prior clause, which, in the words of the statute, adequately alleged an attempt to commit sexual battery.
Appellant also challenges the trial court's admission of certain testimony by the victim's mother and the victim's sister concerning prior actions of the defendant. The mother's testimony concerned consensual acts of sex between herself and the appellant. This testimony was relevant to show that appellant uses his fingers during sex and leaves scratches when he does. Such testimony was consistent with the physical evidence and the testimony of the child victim. Nothing in the mother's testimony suggested to the jury that appellant should be convicted merely because he had committed a prior *149 bad act or crime. The testimony of the victim's sister was likewise admissible. The trial court did not abuse its discretion in its analysis of the similar fact evidence offered by the sister. See Saffor v. State, 660 So.2d 668 (Fla.1995); State v. Rawls, 649 So.2d 1350 (Fla.1994).
Appellant's final point on appeal challenges the jury instructions given by the trial court on the charge of sexual battery by digital penetration. On at least two occasions during the opening and closing instructions on this charge, the trial court instructed the jury that "union is an alternative to penetration and means coming into contact with." This instruction was an erroneous statement of the law, because sexual battery by use of an implement other than the sexual organ of another requires penetration. § 794.011(1)(h), Fla. Stat. (1993). We affirm on this point because the erroneous instruction was never the subject of an objection and did not rise to fundamental error. See § 924.051(3), Fla. Stat. (Supp.1996).
Before charging the jury, the trial judge asked whether defense counsel had an opportunity to review the instructions. Counsel indicated she had looked at the instructions and approved them. Counsel made no objection during or after the reading of the jury instructions. Moreover, the record in this case makes clear that the assistant state attorney did not try this case on a union theory. Instead, the prosecutor focused only on the evidence of penetration, as to the count of the information alleging penetration. Compare Pineiro v. State, 615 So.2d 801 (Fla. 3d DCA 1993)("union" instruction could not have misled the jury where the prosecutor explained to the jury that penetration had to occur, and therefore erroneous instruction did not rise to the level of fundamental error), with Gill v. State, 586 So.2d 471 (Fla. 4th DCA 1991)(reversing sexual battery conviction notwithstanding the absence of a specific objection because the court's direction to the jury, highlighted by the prosecutor's statement indicating that union was an alternative to penetration, was fundamental error). In his brief, appellant does not even make a serious fundamental error argument. He relies upon Hayes v. State, 564 So.2d 161 (Fla. 2d DCA 1990), a case that we find readily distinguishable. In Hayes, the court held that failure to instruct on the next immediate lesser included offense of the crime charged was reversible error because it had the effect of removing from the jury an opportunity to exercise its inherent pardon power. 564 So.2d at 163. Such a rule of law has no application to the present facts. Here, appellant expressly waived instructions on certain lesser included offenses and approved the instructions ultimately given by the court.
BARFIELD, C.J., concurs.
BENTON, J., concurs and dissents with written opinion.
BENTON, Judge, concurring and dissenting.
I concur in affirming Leavorn Graves' convictions for perpetrating a lewd and lascivious act, and for injuring this child in attempting to effect penetration, which is a capital offense, but I respectfully disagree that the conviction predicated on digital penetration should stand. In order to prevail on count two, which alleged digital penetration, the "state was ... required to prove that the defendant penetrated the victim's vagina with his finger." Furlow v. State, 529 So.2d 804, 805 (Fla. 1st DCA 1988). See also J.W.C. v. State, 573 So.2d 1064, 1064 (Fla. 5th DCA 1991)(holding "evidence of digital union is clearly insufficient to support a charge of sexual battery"); Firkey v. State, 557 So.2d 582 (Fla. 4th DCA 1989); Wallis v. State, 548 So.2d 808 (Fla. 5th DCA 1989). It was not enough to convince the jury of a mere attempt, touching or "union."
The jury was erroneously instructed, however, that the state need only prove a "coming into contact." The majority rightly notes that no objection was made to the erroneous instruction, even though it was given twice. Aside from the victim's testimony, however, there "was no independent evidence of penetration." Gill v. State, 586 So.2d 471, 472 (Fla. 4th DCA 1991). Here, as in Gill, the instruction on count two was "notwithstanding the absence of a specific objection ... fundamental error." Id. This case does not *150 reach us on appeal from denial of collateral relief, see Hipp v. State, 650 So.2d 91 (Fla. 4th DCA 1995), nor can it be distinguished on the same basis on which Pineiro v. State, 615 So.2d 801 (Fla. 3d DCA 1993) was distinguished. Here, while the prosecutor sought to prove penetration and argued that she had done so, it is not clearas it would have to be, beyond a reasonable doubt, in order to make affirmance of the conviction on count two lawful"that the `union' instruction could not have misled the jury and[,] therefore, did not rise to the level of fundamental error." Id. at 803.