901 So.2d 212 (2005)
Marlon Decordova JAMES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2997.
District Court of Appeal of Florida, Third District.
April 6, 2005.
Rehearing Denied June 3, 2005.
Bennett H. Brummer, Public Defender, and J. Rafael Rodriguez, Special Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Angel L. Fleming, Assistant Attorney General, for appellee.
Before COPE, GERSTEN and ROTHENBERG, JJ.
*213 PER CURIAM.
Marlon Decordova James appeals his conviction of two counts of sexual battery. We affirm.
First, defendant-appellant James contends that the trial court erred by allowing Williams Rule evidence in the case.[*] We conclude that the complained-of testimony was properly admitted because it was "`inextricably intertwined' with the underlying crime." Shively v. State, 752 So.2d 84, 85 (Fla. 5th DCA 2000) (citations omitted); see also Griffin v. State, 639 So.2d 966, 968-69 (Fla.1994); Simmons v. State, 790 So.2d 1177, 1178 n. 2 (Fla. 3d DCA 2001). We reject the defendant's argument under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), on authority of Herrera-Vega v. State, 888 So.2d 66, 68-69 (Fla. 5th DCA 2004).
Second, the trial court acted within its discretion in denying the defense motion for mistrial after the prosecutor asked a question about whether the defendant had agreed to provide a DNA sample. The trial court sustained the objection and gave a curative instruction to the jury. See Perez v. State, 856 So.2d 1074, 1078-79 (Fla. 5th DCA 2003).
Third, the defendant maintains that the prosecutor made an improper closing argument. The defense objection was sustained and the court instructed the jury to disregard it. The parties disagree over whether the subsequent defense motion for mistrial was based on this part of the closing argument. Assuming arguendo that the point was preserved for appellate review, the denial of a motion for mistrial on this issue was well within the trial court's discretion.
Fourth, the trial court correctly denied the defendant's motion for judgment of acquittal on both counts of sexual battery. Reading the record in the required light, the evidence was legally sufficient. See Morrison v. State, 818 So.2d 432, 451 (Fla.2002).
Fifth, there was no fundamental error in the jury instruction on count one. The instruction on "union" in count one was harmless surplusage. That is so because it was undisputed at trial that there had been digital penetration of the victim. The entire issue at trial was whether this was consensual or nonconsensual. That being so, there could be no fundamental error. See State v. Delva, 575 So.2d 643, 645 (Fla.1991).
Affirmed.
NOTES
[*] Williams v. State, 110 So.2d 654 (Fla.1959), codified as § 90.404, Fla. Stat. (2002).