ROTHENBERG, Judge.
The petitioner, Marlon James, was convicted of one count of sexual battery by digital penetration of the victim’s anus and one count of sexual battery by penetration of the victim’s anus with the petitioner’s penis, and was sentenced to fifteen years incarceration followed by five years of probation. His convictions and sentence were affirmed on direct appeal. James v. State, 901 So.2d 212 (Fla. 3d DCA 2005). In the instant petition for writ of habeas corpus, the petitioner raises two claims of ineffective assistance of appellate counsel. As we conclude that the petitioner’s second claim is meritorious we grant the petition on this claim only.
The petitioner’s first claim, that appellate counsel failed to raise the fundamental nature of a jury instruction error regarding sexual battery, is without merit, as appellate counsel did raise this issue on direct appeal. The trial court, in reading the jury instruction on sexual battery, instructed the jury that the petitioner could be found guilty of this charge if his sexual organs “penetrated or had union with” the victim’s anus, while the information only charged him with penetration. This issue was, in fact, raised on direct appeal, wherein we found that no fundamental error had occurred, as penetration was not disputed and the only issue at trial was whether the act was consensual. We, therefore, deny the petition as to this claim.
The petitioner’s second claim, that appellate counsel was deficient for failing to raise that his sentence of fifteen years incarceration followed by five years of probation was illegal, as it exceeds the statutory maximum for a second degree felony, is meritorious. Florida Rule of Appellate Procedure 9.140(e) provides that a defendant may raise a sentencing error in the trial court “at the time of sentencing” or by filing “a motion pursuant to Florida Rule of Criminal Procedure 3.800(b).” Rule 3.800(b) provides that a motion to correct a sentencing error, including an illegal sentence, may be filed:
*433 (1) Motion Before Appeal. During the time allowed for filing of a notice of appeal of a sentence....
(2) Motion Pending Appeal. If an appeal is pending, a defendant or the state may file in the trial court a motion to correct a sentencing error. The motion may be filed by appellate counsel and must be served before the party’s first brief is served.
This rule also applies to fundamental sentencing errors occurring after November 12, 1999, the effective date of the amendment to Rule 3.800. See Fla. R.App. P. 9.140(e); Fla. R.Crim. P. 3.800(b) (2000); Brannon v. State, 850 So.2d 452 (Fla.2003); Amendments to Fla. Rules of Criminal Procedure, 3.111(e) & 3.800 & Fla. Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015, 1020 (Fla.2000); Maddox v. State, 760 So.2d 89 (Fla.2000).
The Florida Supreme Court in Brannon specifically noted that “[i]n adopting rule 3.800(b)(2), we stated our expectation that ‘these amendments will provide an effective, and hopefully more ‘failsafe,’ procedural mechanism through which defendants may present their sentencing errors to the trial court and thereby preserve them for appellate review.’ ” Brannon, 850 So.2d at 454 (quoting Amendments to Fla. Rules of Criminal Procedure, 761 So.2d at 1017-18). The Court noted that an advantage of this amendment, besides expanding the period in which a defendant may file a motion to correct a sentencing error, is that it gives “appellate counsel, with expertise in detecting sentencing error, the opportunity to identify any sentencing errors and a method to correct these errors and preserve them for appeal.” Brannon, 850 So.2d at 455.
The petitioner correctly asserts that he was convicted of two - second degree felonies, each carrying a fifteen-year statutory maximum. The trial court did not state whether the sentence imposed, a fifteen-year sentence followed by five years of probation, was a split sentence whereby the petitioner would serve the incarceration portion of his sentence on one count and the probationary portion on the other count, or whether she was imposing a fifteen-year sentence followed by five years of probation on each count concurrently, which would constitute an illegal sentence. Thus, we find that the petitioner’s appellate counsel provided ineffective assistance of counsel by failing to detect the sentencing error and failing to bring it to the trial court’s attention prior to filing its appellate brief.
Accordingly, we grant the petition as to the petitioner’s sentencing claim only and remand to the trial court to clarify and/or correct the sentence imposed with the defendant present.
Petition granted in part and denied in part.