937 So.2d 255 (2006)
Antonio CONEY, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D06-705.
District Court of Appeal of Florida, Third District.
September 6, 2006.
*256 Antonio Coney, in proper person.
Charles J. Crist, Jr., Attorney General, and Thomas C. Mielke, Assistant Attorney General, for appellee.
Before WELLS, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The petitioner, Antonio Coney ("Coney"), seeks a Writ of Habeas Corpus pursuant to Rule 9.141(c), Florida Rules of Appellate Procedure, alleging ineffective assistance of appellate counsel. As we conclude that Coney's claim is without merit, we deny the petition.
On January 10, 2003, Coney pled nolo contendere to the charges of aggravated battery with a deadly weapon and aggravated battery of a pregnant victim. In return for his plea, Coney received 85 days in the county jail, followed by two years of probation.
On May 28, 2003, an affidavit of violation of probation was filed against Coney, alleging that he committed the offense of grand theft auto. The affidavit was amended four times, the fourth time occurring at the probation violation hearing on January 21, 2004. The second amended affidavit alleged that Coney violated his probation by being arrested for two separate offenses of strong arm robbery and an additional charge of robbery/carjacking. The final amended affidavit included the previously stated violations, that Coney was arrested for these offenses, but also added two violations, alleging that Coney committed or was a principal to the commission of these offenses. At the conclusion of the probation violation hearing, the court found Coney in violation of the terms of his probation agreement, revoked his probation, and sentenced him to twelve years incarceration. On June 15, 2005, this court affirmed the judgment and sentence imposed. Coney v. State, 905 So.2d 139 (Fla. 3d DCA 2005).
Coney asserts that appellate counsel was ineffective by failing to raise what Coney contends was a properly preserved violation of his constitutional due process rights, and is therefore, entitled to a reversal of the lower court's ruling. The basis of this claim is appellate counsel's failure to raise as untimely the State's fourth amended affidavit filed on the day of the hearing, which Coney claims was not provided to his trial counsel within a reasonable time to allow him to prepare for the probation violation hearing. In response, the State argues that Coney's claim is procedurally barred since it deals with issues which could have been raised on direct appeal. We are unpersuaded by the State's argument, as appellate counsel's failure to raise the issue on direct appeal is the basis of the instant petition for habeas corpus. We, therefore, address and decide this petition on the merits.
The Florida Supreme Court has consistently held that appellate counsel will not be deemed ineffective for failing to raise issues that were not properly raised during trial court proceedings and do not present a question of fundamental error. Valle v. Moore, 837 So.2d 905 (Fla.2002). A review of the record reveals that Coney's trial attorney's only objection to the amended affidavit filed on the date of the hearing was based upon the language it *257 contained, not the timing of when it was filed. At no time did the defendant or his trial counsel object, request a continuance, or claim that they were not prepared to proceed with the hearing. Thus, it is clear that appellate counsel did not provide ineffective assistance of counsel for failing to raise an issue not preversed for appellate review, unless we conclude that the late filing of the amended affidavit constitutes fundamental error. See Rutherford v. Moore, 774 So.2d 637, 646 (Fla.2000).
A fundamental error is defined as one which "reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Id. We conclude that the amendments to the affidavit of violation of Coney's probation do not rise to the level of fundamental error. Coney and his attorney were provided with the case numbers and charges which Coney was arrested for in the previously filed amended affidavits. The added language in the final amended affidavit, that Coney was not only arrested for these offenses, but that he committed them, adds nothing of any real substance to the allegations against him. Because we conclude that the instant claim was not preserved and does not rise to the level of a fundamental error, we find that appellate counsel did not provide ineffective assistance of counsel for failing to raise as untimely, the filing of the amended affidavit on direct appeal.
Petition denied.