971 So.2d 851 (2007)
Othlone RUSS, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D06-2949.
District Court of Appeal of Florida, Third District.
October 31, 2007.
Rehearing Denied December 5, 2007.
*852 Bennett H. Brummer, Public Defender, and Manuel Alvarez, Assistant Public Defender, for petitioner.
Bill McCollum, Attorney General, and Lisa A. Davis, Assistant Attorney General, for respondent.
Before GERSTEN, C.J., and CORTIÑAS, J., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
This is an application for habeas corpus relief claiming ineffectiveness of appellate counsel in Russ v. State, 934 So.2d 527 (Fla. 3d DCA 2006), review denied, 940 So.2d 1125 (Fla.2006). The only arguable contention is that counsel incorrectly did not raise an issue concerning the trial court's jury instruction, which, by stating that unlawful sexual digital contact, which was involved in two of the six counts of sexual battery of which the defendant was found guilty,[1] could be committed either by penetration "and/or" mere union with the vagina or anus of the victim, as held in Gill v. State, 586 So.2d 471, 472 (Fla. 4th DCA 1991), told the jury that a guilty verdict could be based on simple digital contact alone, which it statutorily could not.[2] We deny relief.
Because the claim was not preserved in the trial court, the mistaken instruction could not have been meaningfully presented on appeal unless it was deemed fundamentally erroneous, as indeed Gill also held. Gill, 586 So.2d at 472; accord Holmes v. State, 842 So.2d 187 (Fla. 2d DCA 2003); Palazzolo v. State, 754 So.2d 731 (Fla. 2d DCA 2000). That holding in Gill, however, was based on the fact that the prosecutor in final argument affirmatively suggested that union alone was sufficient to convict. Nothing of the kind occurred here. To the contrary, the information charged, the trial testimony of the victim demonstrated, and the special verdict[3] of the jury specifically found only that penetration had occurred, and there was no suggestion that mere contact was *853 sufficient. Thus, the semantic error in the instruction may not be said to have misled or influenced the jury in any way and therefore could not have been deemed fundamental error. See State v. Weaver, 957 So.2d 586 (Fla.2007). As the petitioner acknowledges, Graves v. State, 704 So.2d 147 (Fla. 1st DCA 1997), review denied, 718 So.2d 168 (Fla.1998), is exactly on point and so holds. See Hipp v. State, 650 So.2d 91 (Fla. 4th DCA 1995)(distinguishing Gill); Pineiro v. State, 615 So.2d 801 (Fla. 3d DCA 1993)(same); see also Weaver, 957 So.2d at 589; Abbott v. State, 958 So.2d 1140 (Fla. 4th DCA 2007); James v. State, 901 So.2d 212 (Fla. 3d DCA 2005). No counsel is ineffective for failing to raise a point doomed at the outset. See Zack v, State, 911 So.2d 1190, 1204 (Fla.2005); Rutherford v. Moore, 774 So.2d 637, 643 (Fla.2000); Brown v. State, 967 So.2d 257 (Fla. 3d DCA 2007); Coney v. State, 937 So.2d 255 (Fla. 3d DCA 2006).
Petition denied.
NOTES
[1] The others involved penile or oral contact, as to which simple union with the victim is sufficient under the law. See § 794.011(2)(b), Fla. Stat. (1999).
[2] Section 794.011(1)(h) provides that "sexual battery"

means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
[3] The jury verdict stated, in pertinent part:

[Count 3:] GUILTY of SEXUAL BATTERY UPON A PERSON LESS THAN TWELVE YEARS OF AGE, to wit: digitally penetrating the rectum of D.H., as charged in Count 3 of the information.
[Count 9:] GUILTY of SEXUAL BATTERY UPON A PERSON LESS THAN TWELVE YEARS OF AGE, to wit: Digitally penetrating the vagina of D.H., as charged in Count 9 of the Information.